**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**WINCHESTER DIVISION**

| | |
|---|---|
| **KALEB HARLAN,** | **Case No. _____** |
| **Plaintiff,** | |
| **v.** | **JURY DEMAND** |
| **CAREY BEER,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Kaleb Harlan ("Harlan" or "Plaintiff") files this Complaint against Defendant Carey Beer ("Beer" or "Defendant") to remedy violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19, Tennessee's unlawful out-of-state recruiting law, Tenn. Code Ann. § 50-1-102, and Tennessee common law.

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction, because Harlan's claims either arise under the FLSA, a federal statute, 28 U.S.C. § 1331, or are "so related to [the federal] claims . . . that they form part of the same case or controversy under Article III of the United States Constitution," *id.* § 1367(a).

2.      Venue properly lies in the Eastern District of Tennessee, because the events in question occurred in Bedford County in this District. *Id.* § 1391(b).

3.      Beer is subject to personal jurisdiction in the State of Tennessee.

4.      The FLSA applies to Harlan's employment with Beer; Harlan was engaged in interstate commerce or the production of goods for interstate commerce.

## PARTIES

5.      Beer is an individual and a citizen of Virginia.

6.      Beer maintains a permanent residence in Remington, Virginia.

7.      At all times relevant to this Complaint, Beer operated a hemp farm in Bedford County, Tennessee.

8.      Harlan is an individual and a citizen of Colorado; he attaches his written consent to join this action as Exhibit 1.

9.      Harlan maintains a permanent residence in Denver, Colorado.

10.     Beer was Harlan's employer under the FLSA.  29 U.S.C. § 203(d).

11.     Harlan was Beer's employee under the FLSA.  *Id.* § 203(e).

## FACTS

12.     In May 2019, Beer recruited Harlan to work as a grower on Beer's hemp farm in Bedford County, Tennessee.

13.     At the time of the recruitment, Harlan resided in Colorado.

14.     To induce, influence, persuade, or engage Harlan to move from Colorado to Tennessee to accept the job as a grower on Beer's hemp farm, Beer made representations to Harlan about the amount of compensation Harlan would receive.

15.     Beer's representations were false or deceptive.

16.     Beer's false or deceptive representations caused Harlan damages, including attorneys' fees and costs.

17.     Harlan entered a valid oral contract with Beer in June 2019 (the "Agreement").

18. The terms of the Agreement were that Beer would pay Harlan $20,000 per month for 3 months' work as a grower on the hemp farm and a $20,000 bonus for a successful harvest, as well as reimbursement of Harlan's out-of-pocket expenses for costs like lodging.

19. The Agreement was worth at least $80,000.

20. Beer breached the Agreement when he terminated Harlan's employment on June 21, 2019, without compensating Harlan for any of Harlan's work.

21. Beer's breach of the Agreement caused Harlan damages, including unpaid compensation and unreimbursed expenses.

22. Beer owes Harlan $80,000 in compensation and bonuses under the Agreement.

23. Beer owes Harlan $1235 for reimbursement of out-of-pocket expenses, including hotel charges, the cost of a rental house, gas, and materials.

24. The FLSA's minimum-wage provision applies to Beer. *Id.* § 206.

25. Beer suffered or permitted Harlan to perform work for Beer's benefit.

26. Beer failed to pay Harlan at least $7.25 for all hours worked under 40 in a workweek.

27. The FLSA's overtime provision applies to Beer. *Id.* § 207.

28. Harlan worked 40 hours or more in each workweek that Beer employed him.

29. Beer failed to pay Harlan at least 1.5 times Harlan's regular rate of pay for all hours worked over 40 in a workweek.

30. Beer's failure to comply with the FLSA caused Harlan damages, including back wages, liquidated damages, and attorneys' fees and costs.

31. Harlan began working for Beer on June 8, 2019.

32. In the week ending June 10, 2019, Harlan worked 30 hours for Beer.

33.     For the week ending June 10, Beer owes Harlan $217.50 for unpaid minimum wages (30 hours x $7.25).

34.     In the week ending June 16, 2019, Harlan worked 70 hours for Beer.

35.     For the week ending June 16, Beer owes Harlan $290.00 for unpaid minimum wages (40 hours x $7.25).

36.     For the week ending June 16, Beer owes Harlan $326.40 for unpaid overtime compensation (30 hours x $10.88).

37.     Beer terminated Harlan's employment on June 20, 2019.

38.     In the week ending June 23, 2019, Harlan worked at least 48 hours for Beer.

39.     For the week ending June 23, Beer owes Harlan $290.00 for unpaid minimum wages (40 hours x $7.25).

40.     For the week ending June 23, Beer owes Harlan $87.04 for unpaid overtime compensation (8 hours x $10.88).

41.     Beer owes Harlan $797.50 for unpaid minimum wages and $413.44 for unpaid overtime compensation under the FLSA, for a total of $1210.94, not including costs and attorneys' fees.

42.     Harlan is entitled to liquidated damages for Beer's bad-faith refusal to pay minimum wages and overtime compensation, which equals an additional $1210.94.

**COUNT I**
**Failure to Pay Minimum Wages**
**29 U.S.C. § 206**

43.     Harlan incorporates by reference all the prior allegations in this Complaint.

44.     Beer suffered or permitted Harlan to perform work for Beer's benefit.

45.     Beer failed to pay Harlan at least $7.25 per hour for all hours worked.

4

46.     Beer did not act in good faith in failing to pay Harlan minimum wages, because Beer knew or should have known the FLSA required him to pay Harlan at least $7.25 per hour for all hours worked.

47.     Beer's failure to pay Harlan minimum wages caused Harlan damages, including back pay, liquidated damages, and attorneys' fees and costs.

## COUNT II
### Failure to Pay Overtime
### 29 U.S.C. § 207

48.     Harlan incorporates by reference all the prior allegations in this Complaint.

49.     Harlan worked more than 40 hours in each workweek that Beer employed him.

50.     Beer failed to pay Harlan at least 1.5 times Harlan's regular rate of pay for all hours worked over 40 in a workweek.

51.     Beer did not act in good faith in failing to pay Harlan overtime compensation, because Beer knew or should have known the FLSA required him to pay Harlan at least 1.5 times Harlan's regular rate of pay for all hours worked over 40 in a workweek.

52.     Beer's failure to pay Harlan overtime caused Harlan damages, including back pay, liquidated damages, and attorneys' fees and costs.

## COUNT III
### Unlawful Recruiting
### Tenn. Code Ann. § 50-1-102

53.     Harlan incorporates by reference all the prior allegations in this Complaint.

54.     Beer recruited Harlan to relocate from Colorado to Tennessee to work as a grower on Beer's hemp farm.

55.     Beer made representations about the amount of compensation he would pay Harlan if Harlan relocated from Colorado to Tennessee to work on Beer's hemp farm.

56.     Beer made the representations to induce, to influence, to persuade, or to engage Harlan to relocate from Colorado to Tennessee to work on Beer's hemp farm.

57.     Beer's representations were false or deceptive.

58.     Beer's false or deceptive representations caused Harlan damages, including attorneys' fees and costs.

## COUNT IV
## Breach of Contract
## Tennessee Common Law

59.     Harlan incorporates by reference all the prior allegations in this Complaint.

60.     Harlan and Beer entered the Agreement, a valid contract, in June 2019.

61.     Beer breached the Agreement when he fired Harlan without compensation Harlan for any of his work.

62.     Beer's breach of the Agreement caused Harlan damages.

## PRAYER FOR RELIEF

Harlan prays for the following relief from this Court:

A.     Award Harlan the liquidated sum of $80,000 in salary and bonuses as damages for Beer's breach of contract;

B.     Award Harlan the liquidated sum of $1235.00 in reimbursed expenses as damages for Beer's breach of contract;

C.     Award Harlan the liquidated sum of $797.50 for unpaid minimum wages as damages for Beer's violations of the FLSA;

D.     Award Harlan the liquidated sum of $413.44 for unpaid overtime compensation as damages for Beer's violations of the FLSA;

E.     Award Harlan liquidated damages under the FLSA equal to the amount of hi unpaid minimum wages and unpaid overtime compensation, which total $1,210.94;

F.     Award Harlan back pay;

G.     Award Harlan compensatory damages;

H.     Award Harlan liquidated damages;

I.     Order Beer to pay Harlan's attorneys' fees;

J.     Order Beer to pay the costs and expenses of this action; and

K.     Grant to Harlan such other, further, and general relief to which he may be entitled.

## JURY DEMAND

Harlan demands a jury trial.

Date: May 27, 2020                    Respectfully submitted,


                                      s/ *Donna J. Mikel*
                                      Charles P. Yezbak, III (TN BPR #019865)
                                      N. Chase Teeples (TN BPR #032400)
                                      YEZBAK LAW OFFICES PLLC
                                      P.O. Box 159033
                                      Nashville, TN 37215
                                      Tel.: (615) 250-2000
                                      Fax: (615) 250-2020
                                      yezbak@yezbaklaw.com
                                      teeples@yezbaklaw.com

                                      Donna J. Mikel (TN BPR#020777)
                                      Doug S. Hamill (TN BPR#022825)
                                      MIKEL & HAMILL PLLC
                                      620 Lindsay St., Suite 200
                                      Chattanooga, TN 37402
                                      Tel.: (423) 541-5400
                                      Fax: (423) 541-5401
                                      dmikel@mhemploymentlaw.com
                                      dhamill@mhemploymentlaw.com


                                      *Counsel for Plaintiff*